W. Benjamin Fisherow, Steven R. Baer, Lands and Natural Resources Div., Environmental Enforcement Section, Dept. of Justice, Washington, D.C., Bruce D. Bandler, Asst. U.S. Atty., Scranton, Pa., Lydia Isales, Asst. Regional Counsel Region III, U.S. E.P.A., Philadelphia, Pa., for plaintiff.

Brian J. Cali, Robert A. Cecchini, Dunmore, Pa., for defendants Louis Serafini, Alfred Bernabei, Ernest Buttafoco, and Michael J. Naples, Jr., Individually and Training as Empire Contracting Co.

**UNITED STATES of America, Plaintiff,**

v.

**Louis SERAFINI, et al., Defendants.**

**No. 3:CV–86–1591.**

United States District Court, M.D. Pennsylvania.

Dec. 28, 1990.

### ORDER

McCLURE, District Judge.

BACKGROUND:

This is an action for injunctive relief and recovery of response costs pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606(a) and 9607(a), in connection with the Taylor Borough hazardous waste site located south of Scranton, Pennsylvania. The remedial action at the Taylor Borough

site has been completed pursuant to a consent decree negotiated by the United States and several defendants. The United States is now seeking reimbursement of the outstanding costs it incurred in responding to the release of hazardous substances at the site from the remaining defendants. The instant motion concerns the current owners of the Taylor Borough site, defendants Louis Serafini, Alfred Bernabei, Ernest Buttafoco, and Michael J. Naples, Jr., individually and trading as Empire Contracting Company.

On February 19, 1988 Judge Caldwell issued an order denying the government's motion for partial summary judgment on the issue of liability. However, following a lengthy discussion of the relevant law [1], Judge Caldwell limited the issue of liability to whether the defendants' failure to inspect the Taylor Borough site prior to purchasing it complied with the requirement of making all appropriate inquiry into the previous ownership and uses of the property consistent with good commercial or customary practice. See 42 U.S.C. § 9601(35)(B). More specifically stated, the issue is whether the customary or good commercial practice in the Scranton, Pennsylvania area in 1969 included, at a minimum, that a prospective purchaser, or his representative, actually view land before purchasing it.

Subsequently, the government filed a supplementary motion for partial summary judgment. Along with this motion, the government filed the affidavits of two real estate experts stating that it is inconceivable that a commercial real estate purchaser in 1969 would have purchased the Taylor Borough site without inspecting it prior to purchase.[2] The defendants responded by filing affidavits from two real estate experts stating that it was unusual for a prospective purchaser in Scranton in 1969 to traverse a large tract of land.[3] Judge Caldwell denied the government's supplementary motion for summary judgment because of the contradictory nature of the affidavits.

During May of 1989 the government conducted depositions of the defendants and their real estate experts. Based on these depositions, on September 25, 1989 the government filed a second supplemental motion for summary judgment on the issue of liability. The depositions taken by the government establish that the customary practice in Scranton in 1969 was at least to view land before purchasing it. Therefore, the government's motion for summary judgment will be granted.

The depositions of the defendants confirm the fact that neither they nor their representatives visited, inspected or viewed the land prior to purchase. While the defendant's experts testified that it would be unusual for a prospective purchaser actually to traverse the entire acreage, based on their experience, prospective purchasers or their agents usually inspected or viewed land prior to purchase. In fact, they testified that it was their practice actually to view the land before forming an opinion to purchase, and that they always told prospective purchasers to visit and look at land prior to purchase. See John Siegle deposition at 27–33; Mary Vanston deposition at 21–24.

Therefore, by not conducting an appropriate inquiry consistent with customary or good commercial practice, the defendants cannot satisfy the statutory requirements of the innocent landowner defense. 42 U.S.C. § 9607(b)(3).

NOW, THEREFORE, IT IS ORDERED THAT:

Plaintiff's second supplemental motion for summary judgment on the issue of liability against defendants Louis Serafini, Alfred Bernabei, Ernest Buttafoco, and Michael J. Naples, Jr., individually and trading as Empire Contracting Company., filed September 25, 1989, is granted.

---

1. See 42 U.S.C. §§ 9601(35)(B) and 9607(b)(3).

2. The government submitted affidavits from William Henkelman and Sidney Hinesfeld.

3. The defendants submitted affidavits from John Siegle and Mary Vanston.